UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN ZELONKA and JOAN
CARRILLO,

       Plaintiffs,

v.                      Case No:  2:22-cv-347-JES-NPM

BENEDICT GYARMATI and TIBOR
GYARMATI,

       Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiffs' Motion to Remand (Doc. #12) filed on June 30, 2022. Defendants filed a Response in Opposition (Doc. #17) on July 14, 2022. For the reasons set forth below, the motion is denied.

### I.

On February 14, 2022, plaintiffs Stephen Zelonka and Joan Carrillo filed a Complaint (Doc. #6) in Collier County Circuit Court against Benedict Gyarmati and Tibor Gyarmati for negligence. Tibor Gyarmati is the owner of the motor vehicle that Benedict Gyarmati was operating at the time of a collision in Collier County causing bodily injury to Stephen Zelonka, who was operating a motorcycle at the time. Joan Carrillo is the wife of Stephen Zelonka and joins the suit for the loss of consortium of her spouse (Counts II and IV). Prior to filing suit, plaintiffs sent a demand

letter seeking in excess of $3 million.  Defendants were served with process on March 16, 2022.  (Doc. #12-1.)  On April 27, 2022, defendants filed an Answer and Affirmative Defenses (Doc. #7).

Plaintiffs filed Responses to Request for Admissions on May 4, 2022 (Doc. #1, ¶ 3) in which plaintiffs stated that they were both citizens of the State of Florida and not citizens of the State of Michigan, where both defendants are citizens.  On June 2, 2022, defendants removed the case to federal court, alleging diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. #1.)  Defendants assert the amount in controversy is met based on plaintiffs' pre-suit demand letter dated October 13, 2021 (Doc. #1-7, Ex. G) and that the diversity of citizenship is satisfied by the Responses to Request for Admissions.

## II.

As the party seeking federal jurisdiction, the burden is upon defendants to establish diversity jurisdiction as of the date of removal.  Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003).  Defendants must also show by a preponderance of the evidence that the amount in controversy exceeds the federal jurisdictional amount.  Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  Plaintiff seeks to remand the case to state court, arguing that the notice of removal was untimely and that there is an insufficient showing of the requisite amount in controversy.

**A. Timeliness of Notice of Removal**

The Complaint filed on February 14, 2022, makes no allegations regarding the parties' citizenship.  Therefore, the case was not then removable to federal court, and the time period for such removal did not begin.  Rather,

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).  Defendants rely on the Responses to Requests for Admission as the 'other paper' which established citizenship for the first time and started the 30-day time period in which to remove the case.  (Doc. #17, p. 15.)  The Court agrees. "Courts have included within the term 'other paper' responses to requests for admissions, settlement offers, interrogatory responses, deposition testimony, demand letters, and emails estimating damages."  Brito v. Harris & GTS Transp. Corp., No. CV 322-038, 2022 WL 2835852, at *1 (S.D. Ga. July 20, 2022) (citing Lowery v. Alabama Power Co., 483 F.3d 1184, 1212 n.62 (11th Cir. 2007) (citations omitted)).

Plaintiffs argue, however, that the removal was nonetheless untimely because defendants knew complete diversity of citizenship was present prior to the Complaint being filed.  (Doc. #12, p.

- 3 -

11.)  Plaintiffs argue that the crash report reflects a Florida driver's license and registration in the State of Florida, and the report was included in the demand package sent to defendants prior to filing suit.  (Id., p. 12.)

"Though 'other paper' is broadly defined and may include any formal or informal communication received by a defendant, as a matter of statutory construction, documents a defendant receives *prior to the commencement of a suit* are not "other paper" under section 1446(b)(3) because there is no case in which to trigger a limitation on removal." Chabad Lubavitch of Pembroke Pines, Inc. v. GeoVera Specialty Ins. Co., No. 21-CV-61420-RAR, 2021 WL 5155718, at *3 (S.D. Fla. Nov. 5, 2021).  See also Constas v. Home Depot U.S.A., Inc., No. 6:21-CV-1578-WWB-DCI, 2022 WL 1224077, at *3 (M.D. Fla. Mar. 18, 2022) ("[e]very court of appeals that has addressed whether a court may consider a defendant's pre-litigation knowledge or post-litigation knowledge from a source other than the plaintiff to decide triggering of the 30-day removal period has held no."), report and recommendation adopted, No. 6:21-CV-1578-WWB-DCI, 2022 WL 1224053 (M.D. Fla. Apr. 11, 2022).

The Traffic Crash Report completed on the scene by the Collier County Sheriff's Officer cannot be considered 'other paper' for purposes of the removal statute.  Additionally, even if considered, this document simply provides the residential address of the driver, which is not necessarily the same as the domicile

required for federal diversity jurisdiction. "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks and citations omitted). As a result, it could not be the triggering information for removal, and the notice of removal was timely from the Responses to Request for Admissions.

### B. Amount in Controversy

Even if timely removed, plaintiffs assert that the notice of removal insufficiently established the amount in controversy. The Complaint (Doc. #6) simply seeks the state court jurisdictional minimum of "in excess of $30,000". Since the Florida "State practice . . . permits recovery of damages in excess of the amount demanded," a defendant is required to establish "by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(A),(B). A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount. Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). "[W]hen a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's

representation that the value of the claim is indeterminate." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010).

In this case, defendants rely on a detailed pre-suit demand to support an amount in controversy in excess of $75,000 because it includes outstanding medical bills and estimated future medical care of $425,378.79 (medical bills in the amount of $140,056.17 and future projected medical costs in the amount of $285,322.62). (Doc. #1-7, pp. 19, 25-26, 29.) Consideration of a pre-suit demand, however, requires caution.

> However, settlement demands often reflect puffing and posturing; thus, courts may award them little weight. Kilmer v. Stryker, Corp., No. 5:14-cv-456-OC-34PRL, 2014 WL 5454385, at *4 (M.D. Fla. Oct. 27, 2014). Nonetheless, if a demand letter provides specific information to support the plaintiff's claim for damages, the court may consider it relevant evidence. Mitchell v. Fam. Dollar Stores of Fla., LLC, No. 8:18-CV-1640-T-33AAS, 2018 WL 3548694, at *1 (M.D. Fla. July 24, 2018).

Reyes v. Stockhill, 568 F. Supp. 3d 1288, 1293 (M.D. Fla. 2021). Plaintiffs respond that an insurance carrier paid an amount exceeding the total outstanding medical bills and estimated future medical care listed in the demand, and therefore defendants can no longer meet their burden.

In the Complaint, plaintiff Zelonka alleges that he suffered bodily injury, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, hospitalization, medical and nursing care treatment, loss of earnings, and losses that are

permanent or continuing.  (Doc. #6, ¶ 4.)  Plaintiffs filed suit
in state court asserting a value of over $100,000 for the case
after the payment from insurance.  (Doc. #1-2, p. 1.)  There is
no indication that the other damages are now moot.  The Demand
provides that Stephen Zelonka will accept the bodily injury
liability insurance limits of $3 million.  (Doc. #1-7, p. 29.)
Unlike <u>Macon v. Alabama CVS Pharmacy, L.L.C.</u>, No. 3:21-CV-724-KFP,
2022 WL 1129641, at *3 (M.D. Ala. Apr. 15, 2022), the Demand goes
on in great detail about Stephen Zelonka's permanent injuries and
"pain and suffering/effect on life and activities" as completely
life altering:

> Every day Stephen struggles with this pain
> that has permanently limited his range of
> motion in his shoulder. He explains "it feels
> like the joint is loose" and he can hear
> "clicking" sounds." Stephen has issues
> reaching over his head, lifting anything, or
> putting strain on his shoulder. Stephen
> underwent extensive physical therapy
> treatments for his pain and range of motion in
> his left shoulder, but full range of motion
> has not returned. Stephen also has to limit
> the amount of walking he does. He continues to
> be very careful especially walking on uneven
> surfaces due to his injuries. The pain in his
> left foot is still bothersome and he complains
> that the tingling in his foot is still very
> prominent. Doing daily chores or task around
> the house can easily cause his foot to get
> swollen. In fact, on most days he just wakes
> up and it is already swollen.
>
> His pain and pain have greatly affected his
> ability to sleep, and he often wakes up in a
> lot of discomfort. He avoids sleeping on his
> left side due to his injuries. Once Stephen is

finally able to fall asleep the mental effects
from this crash come to life. Stephen will lay
in bed and have flashbacks of this horrific
crash and the extreme pain and trauma Mr.
Gyamarti has caused him.

Unfortunately, his pain and physical
limitations from the crash have forced him to
quit things he loved to do. Stephen was a very
active person that enjoyed living his life
with his family and friends. He would
frequently exercise, play tennis and do other
physical activities. This crash has forced him
to give up all of these things he once enjoyed
so much.

This crash has affected Stephen's personal,
emotional, and financial life in so many ways.
Stephen was immobile for nearly two months.
This impacted his marital relationship. He was
not able to do much of anything. The injuries
were so severe and so impactful, his wife Joan
had to cater to his every need day, and night.
He was on medical leave from work the entire
month of January and limited to only office
duty in February because of his injuries and
limitations from the crash.

Stephen deals with many reminders of this
crash every day. He now has permanent scars on
his knee, left leg, left arm and left
shoulder. These scars are a permanent reminder
of this horrible crash and how it has affected
Stephen's life. He also has a left shoulder
deformity from his shoulder injury that will
never go away. He will continue to need
physical therapy and possibly surgery on his
shoulder and left foot in the near future.
Stephen is worried about his future and what
it may hold. This crash has been life altering
for him and his family.

(Doc. #1-7, pp. 26-27.)  Plaintiffs also noted that there are no

caps or limits on past or future economic and non-economic damages.

(Id., p. 29.)  The Court finds that defendants can plausibly

support an amount in controversy that exceeds $75,000, even if the settlement amount is set-off from the insurance proceeds.

Accordingly, it is hereby

**ORDERED:**

Plaintiffs' Motion to Remand (Doc. #12) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this   1st   day of August 2022.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record